IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CRAIG L. JONES,** | ) | Civil Action No. 7:12-cv-00365 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **NORTHWESTERN REGIONAL** | ) | |
| **ADULT DETENTION CENTER, et al.,** | ) | By:   Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

  Craig L. Jones, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.  Plaintiff names as defendants the Northwestern Regional Adult Detention Center ("Jail"); Frederick County Administrations; Winchester Administration; Jail Superintendent Bruce Conover; and Jail correctional officers Captain Barr, Captain Pitts, Captain Werderbaugh, Captain Sasser, and Sergeant Shank.  Plaintiff cursorily presents a liberally construed claim of deliberate indifference to a serious medical need, in violation of the Eighth Amendment of the United States Constitution.  This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A.  After reviewing plaintiff's submissions, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

  The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's

factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff fails to state a claim upon which relief may be granted against any defendant.[2] Plaintiff's sole allegation in the Complaint reads, "I use a walker and this facility does not have a handicap van for transporting disabled inmates. On/around 16th of July, Sgt. Shank rode in the passenger seat with my walker on his lap. This is an ongoing problem this [J]ail won't fix."[3] Plaintiff fails to allege any facts involving any defendant other than Sgt. Shank, and Sgt. Shank merely kept the walker away from a confined inmate who sat inside the van. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (discussing municipal liability and recognizing

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[2] Even if he had stated a claim, the Jail, Winchester Administration, and Frederick County Administrations are not "persons" subject to 42 U.S.C. § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Brownlee v. Williams, No. 2:07cv0078, 2007 U.S. Dist. LEXIS 20650, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (reasoning jails are not "persons" for § 1983 litigation); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that a group of personnel, like "medical staff," is not a "person" for purposes of § 1983).

[3] Plaintiff's grievances to Jail staff reiterate plaintiff's complaint about the lack of a handicap-accessible van but do not describe any probative fact about being transported on July 16 of an unspecified year.

supervisory liability under § 1983 may not be predicated on the theory of respondeat superior). Plaintiff does not explain how he needs a walker while he is riding in a van or how any defendant was deliberately indifferent to any serious medical need. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994) (discussing deliberate indifference). Accordingly, the court dismisses the Complaint without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: December 14, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge